DAVID C. JOHNSON, PROSECUTOR, v. CITY OF ATLANTIC CITY AND UNITED PAVING COMPANY.

DAVID C. JOHNSON, PROSECUTOR, v. CITY OF ATLANTIC CITY AND UNITED PAVING COMPANY.

DAVID C. JOHNSON, PROSECUTOR, v. CITY OF ATLANTIC CITY AND UNITED PAVING COMPANY.

DAVID C. JOHNSON, PROSECUTOR, v. CITY OF ATLANTIC CITY AND UNITED PAVING COMPANY.

Argued November 10, 1911—Decided December 18, 1911.

Where proposals, under a city charter that calls for competitive bidding, are purposely so framed that under the circumstances they deter rather than invite *bona fide* competition, an award to the intentionally favored bidder will be set aside.

---

On *certiorari.*

Four writs of *certiorari* bring up for review as many awards by the city of Atlantic City to the United Paving Company of contracts for the paving of certain streets with bitulithic pavement, a patented article owned by Warren Brothers. The prosecutor is a taxpayer, and one of the reasons filed by him is "because the entire proceedings prevent competition."

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *John B. Slack, Charles C. Babcock* and *Robert H. McCarter.*

For the defendants, *Bourgeois & Coulomb* and *Harry Wootton.*

The opinion of the court was delivered by

GARRISON, J. From the testimony laid before us we find that the United Paving Company, to which the contracts to lay bitulithic pavements were awarded, had a secret arrangement with Warren Brothers, the proprietors of that patented article, that gave, and was intended to give, to the United Paving Company a controlling advantage over all other bidders, provided the proposals were so framed that the advantages accruing from such arrangement were made available for the securing of the awards of the contracts. We find that the proposals were so framed and that certain officials of the city were interested in having the proposals so framed and in having the contracts so awarded. We find that the relations of these officials to this transaction and to the United Paving Company were of such a character that they would be known to probable bidders for these particular contracts, which, together with the fact that the proposals were manifestly drawn to deter rather than to invite competitive bidding, rendered it obviously futile for an outside bidder to compete with the only bidder who was, so to speak, on the inside.

From these facts we draw the inference and find the fact to be that owing to these machinations the competitive bidding required by the amended charter of Atlantic City (*Pamph. L.*

1905, *p.* 50) has not taken place, and from this it results that the awards brought up by these writs should be set aside.

The testimony upon which the foregoing findings are based is very voluminous, and comprises a mass of circumstantial and corroborating evidence which we have carefully examined with the result that we have announced.

With respect to the point raised by the defendants that the writs were issued in contravention of the city charter (*Pamph. L.* 1906, *p.* 523), we think that a reasonable construction of this statute is that where the review of a contract and ordinance are in legal effect one and the same thing, the thirty days run from the date of the contract. The opposite view would lead to an unreasonable result that ought not to be needlessly imputed to the legislature.

This renders it unnecessary to decide the point raised by the prosecutor, viz., that the title, "An act, &c., for the government of cities," does not express as its object the placing of a limitation upon the practice of this court with respect to its allowance of its prerogative writ of *certiorari*, if such power resides in the legislature.

The several resolutions awarding the contracts to the defendant the United Paving Company are set aside, with costs to be paid by that defendant unless otherwise ordered.