JOSEPH M. JOHNSON, PROSECUTOR, v. CITY OF ATLANTIC CITY ET AL.

Argued June 3, 1913—Decided November 17, 1913.

A resolution awarding a contract for a public work, set aside as not made to the lowest responsible bidder, in compliance with the provisions of chapter 342, *Pamph. L.* 1912.

---

On *certiorari* removing resolution awarding contract.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Grey & Archer.*

For Atlantic City, *Theodore W. Schimpf.*

For the defendant Bader, *Charles C. Babcock.*

The opinion of the court was delivered by

MINTURN, J.  Having determined to construct a water main in the city, the commissioners of Atlantic City advertised for bids.  The proposals contained this provision:

'  "In comparing the bids an addition will be made to each bid of a sum equal to fifty ($50.00) dollars for each and every day (Sundays and legal holidays and all days during July and August excepted) the bidder proposes to take to complete the work (figuring from date of receipt of bid to date fixed for completion) ; and the time in which he agrees to complete the work will be considered an essence of his proposal and contract on an equality with any other item for which a price has been stated.  When determining the time for performing the work to be done the bidder must take into consideration the ordinance of the city which prohibits the performance of any such work in the public streets of Atlantic City during July and August of each year."

The bid submitted to the board for the work by the defendant Bader, amounted to the sum of forty-three thousand seven hundred and eighty-one dollars and thirty cents ($43,781.30), and the time which he proposed to consume in completing the work was twenty days.  The Kelley-McFeeley Company proposed to do the work for the sum of forty-three thousand three hundred and eighteen dollars ($43,318), and specified that the number of days which they proposed to consume in completing it should be eighty-five.

The statute (*Pamph. L.* 1912, *p.* 593) under which proposals shall be furnished, provides that public work shall be awarded only after public advertisement, to the lowest responsible bidder.  Statutes of similar import have been before this court for construction, and the cases are uniform in holding that the legislative purpose of such language in a statute is to require as a condition precedent to an award of the contract to one or more of several bidders, a uniform or

common plan of bidding in order that competing bidders may be possessed of the same data, and subjected to the same conditions. *Johnson* v. *Atlantic City,* 53 *Vroom* 204; *McGovern* v. *Trenton,* 55 *Id.* 237; *Browning* v. *Freeholders,* 50 *Id.* 494.

The latter case contains the latest exposition of the subject by the Court of Errors and Appeals, where in speaking for that court, Mr. Justice Garrison says: "Where there is no common standard there is no competition, and the same is true where the common standard to which a competition is invited is abandoned in declaring its result."

The rationale underlying these adjudications is that the legislative requirement whereby fair competition between bidders as to price is made the goal to be attained, cannot be complied with, other things being equal, unless the price be left undetermined by the proposal, to be fixed and determined only as the logical and necessary result of the competition between the bidders. Other details of the proposed work involving plans, materials, methods of construction, length of time, &c., may, if desired, form the basis for competition preparatory to the formulation of the ultimate proposal to be submitted in compliance with the legislative requirement, the final end to be attained being, that when such final proposal shall be made, involving as its sole consideration, the lowest price at which a responsible bidder will agree to perform the required work, the assurance shall be definite and beyond the region of cavil, that all who bid in response to the invitation shall be presented with the same data, comprehending plans, materials, methods of construction, length of time allowed, &c.; otherwise there can be no competition by which the lowest price, which is the very element of competition sought to be attained by this class of legislation, can be at all determined. 28 *Cyc.* 659, and cases.

Such a requirement, of course, does not prevent alternative proposals, alike in terms for all bidders. But in any case the proposal submitted must determine the work to be done in all its essential features, leaving to the bidders nothing to

determine and to submit, but the price at which they will undertake to perform the specified work.

Applying this rule to the case *sub judice,* we find upon the face of the bids submitted, that the Kelley-McFeeley Company was the lowest bidder, its bid being $43,318, while the bid of the defendant Bader, to whom the contract was awarded was $43,781.30, an excess of $363.30 over the first-mentioned bid. But by charging up to the Kelley-McFeeley Company the eighty-five days it proposed to take to complete the work, and multiplying it by $50, and by multiplying the Bader time by the same multiple, the bids became transposed, and from being the lowest bidder the company became the highest, and the contract was therefore awarded to Bader, as the lowest bidder.

We have concluded that neither the spirit of the act under consideration, nor the policy or spirit of the law, nor the repeated adjudications of our courts will support this award, as one made according to a common standard.

In the case at bar, it seems to us, under the testimony, the time element was injected for ulterior reasons which might seem to favor the successful bidder, and not for any useful public purpose.

The factor of time in this computation, might concern the convenience of some of the public, but the great body of the public were not concerned with it, but rather were interested as the law implies they must be, in having this public work completed according to uniform plans and specifications at the lowest possible figure, consistent with meritorious work.

For these reasons the resolution awarding the contract to the defendant Bader will be set aside, with costs.